| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>In re:<br><br>MARCIA GROSTEIN<br>*dba* GROSTEIN COLLECTIVE,<br><br>                               Debtor.<br>------------------------------------------------------------X | RETURNABLE: 12/7/2023<br>TIME: 10:00 A.M.<br><br>CASE NO: 23-11749-PB<br>CHAPTER 13<br><br>**OBJECTION TO CONFIRMATION** |

**TO:   THE HONORABLE PHILIP BENTLEY**
        **UNITED STATES BANKRUPTCY JUDGE**

The objection of Emigrant Bank ("Emigrant"), by its attorneys, Terenzi & Confusione, P.C., respectfully sets forth and represents as follows:

I. **BACKGROUND**

1. Emigrant is the holder, by assignment, of a Collateral Note and Security Agreement dated October 2, 2008, given by Marcia Grostein (the "Debtor") in the original principal amount of $508,000.00 (the "Note") pledging the collateral located at 25 East 69th Street #5B, New York, New York (the "Collateral") as security.

2. Applicant is the holder, by assignment, of a UCC3 filed in the office of the City Register of the City of New York.

3. The Debtor defaulted on July 1, 2023 payment and on each payment due thereafter.

4. On October 31, 2023, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §101 *et. seq.* Thomas C. Frost, Esq. is the duly appointed and qualified Chapter 13 Trustee in this case.

5. Emigrant intends to file a proof of claim in the approximate amount of $462,027.71 which includes $75,142.03 in pre-petition arrears.

6. The Chapter 13 plan, filed on November 14, 2023 (the "Plan") in the above-captioned case proposes to pay Emigrant $50,000.00, leaving a deficiency of approximately $25,142.03. Clearly, the sum the Debtor proposes to pay through her Chapter 13 plan is insufficient to cure the pre-petition arrears due Emigrant.

## II. THE OBJECTION

7. Accordingly, based on the foregoing, Emigrant objects to confirmation of the above-captioned Debtor's Chapter 13 plan because the proposed plan is clearly insufficient to cure the pre-petition arrears with interest due Emigrant.

8. Pursuant to §§1322(b)(2) and (b)(5) of the Bankruptcy Code, the Chapter 13 plan of reorganization must cure a default owed to a creditor that holds a claim secured by the debtor's principal residence. Since the Premises is the Debtor's principal residence and the proposed Plan does not cure the default under the Note, Emigrant objects to confirmation of the Plan.

**WHEREFORE,** Emigrant objects to the confirmation of the Chapter 13 Plan submitted by the above-named Debtor and respectfully requests that the Court: (a) decline to confirm the Debtor's Plan, or, in the alternative, (b) direct the Debtor to amend the Plan in accordance with Emigrant's filed Proof of Claim, or (c) dismiss the Debtor's Chapter 13 Petition, together with such other and further relief as this Court deems just and proper.

Dated:    Garden City, New York
         November 28, 2023

**TERENZI & CONFUSIONE, P.C.**
*Attorneys for* Emigrant Bank

By:    \s\ Cara M. Goldstein
       Cara M. Goldstein, Esq.
       401 Franklin Avenue, Suite 304
       Garden City, New York 11530
       (516) 812-0800

TO: Marcia Grostein
*Chapter 13 Debtor*
25 East 69th Street, #5b
New York, New York 10021

Linda M. Tirelli, Esq.
*Chapter 13 Debtor's Attorney*
Tirelli Law Group, LLC
50 Main Street, Suite 1265
White Plains, New York 10606

Thomas C. Frost Esq.
*Trustee*
399 Knollwood Road, Suite 102
White Plains, New York 10603

United States Trustee
Office of the U.S. Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004-1408