| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>In re:<br><br>    MARCIA GROSTEIN,<br><br>                         Debtor.<br>-----------------------------------------------------------X | RETURN DATE: 8/15/2024<br>TIME: 10:00 a.m.<br><br>Case No. 23-11749-PB<br>Chapter 13 |

## NOTICE OF MOTION FOR ORDER
## MODIFYING AND TERMINATING AUTOMATIC STAY

**S I R S:**

      **PLEASE TAKE NOTICE**, that upon the Application dated June 20, 2024 ("Application"), Emigrant Bank ("Emigrant" or "Applicant") a secured creditor with respect to the Collateral owned by Marcia Grostein, the debtor herein (the "Debtor") as described hereinafter, by its attorneys, Terenzi & Confusione, P.C., shall move before the Honorable Philip Bentley, United States Bankruptcy Judge for an Order: (i) pursuant to 11 U.S.C. Section 362(d), providing that the automatic stay imposed by operation of 11 U.S.C. Section 362(a), be modified and terminated to permit Applicant to pursue its rights as more particularly described in the Application, with respect to the collateral known as 25 East 69th Street #5B, New York, New York (the "Collateral"); and (ii) granting such other and further relief as is just and proper.

      **PLEASE TAKE FURTHER NOTICE** that this motion shall be returnable on the 15th day of August 2024 at 10:00 a.m. of that day, or as soon thereafter as counsel can be heard **via Zoom**, before the Hon. John P. Mastrando III.

      . **PLEASE TAKE FURTHER NOTICE** that attorneys and self-represented individuals are required to sign up to appear at court hearings with the Court's eCourt Appearances tool at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Case participants must check in to confirm their appearance no later than 4:00 pm, one business day prior to the scheduled hearing date.

If you require assistance, please contact the presiding Judge's Chambers.

**PURSUANT TO BANKRUPTCY RULE 9014 AND LOCAL BANKRUPTCY RULE 9006-1(b), IF YOU INTEND TO OPPOSE THE MOTION, YOU MUST SERVE ON MOVANT'S COUNSEL AND FILE WITH THE CLERK OF THE BANKRUPTCY COURT, WRITTEN OPPOSITION TO THE MOTION SO AS TO ENSURE ACTUAL RECEIPT NOT LATER THAN (7) DAYS BEFORE THE RETURN DATE.**

Dated:  Garden City, New York
       June 20, 2024

                            **TERENZI & CONFUSIONE, P.C.**
                            Attorneys for Emigrant Bank

                    By:    \s\ Cara M. Goldstein
                            Cara M. Goldstein, Esq. (CMG 3517)
                            401 Franklin Avenue, Suite 304
                            Garden City, New York 11530
                            (516) 812-0800
                            cgoldstein@tcpclaw.com

TO:     Marcia Grostein
*Chapter 13 Debtor*
25 East 69th Street, #5b
New York, New York 10021

Linda M. Tirelli, Esq.
*Chapter 13 Debtor's Attorney*
Tirelli Law Group, LLC
50 Main Street, Suite 1265
White Plains, New York 10606

Thomas C. Frost Esq.
*Trustee*
399 Knollwood Road, Suite 102
White Plains, New York 10603

United States Trustee
Office of the U.S. Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004-1408

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

    MARCIA GROSTEIN,

                  Debtor.

Case No. 23-11749-pb
Chapter 13

-------------------------------------------------------X

**APPLICATION OF EMIGRANT BANK
IN SUPPORT OF AN ORDER
<u>MODIFYING AND TERMINATING THE AUTOMATIC STAY</u>**

**TO: THE HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE**

The Application of Emigrant Bank ("Emigrant" or "Applicant") by its attorneys, Terenzi & Confusione, P.C., respectfully represents and says:

**I.  <u>RELIEF REQUESTED</u>**

1. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure Rules 4001, 9013, and 9014 and Sections 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") for an Order: (i) modifying and terminating the automatic stay to permit Applicant to exercise all of its rights and remedies with respect to certain collateral consisting of the collateral known as 25 East 69th Street #5B, New York, New York (the "Collateral"), owned by Marcia Grostein (the "Obligor" or the "Debtor") as more particularly described herein and (ii) granting Applicant such other and further relief as the Court deems just and proper.

**II.  <u>BACKGROUND</u>**

2. Applicant is the current holder of a Collateral Note and Security Agreement dated October 2, 2008 (the "Note"), in the original principal amount of $508,000.00 covering the Collateral. Copies of the Collateral Note and Security Agreement are annexed hereto as Exhibit

"A".

3.      Applicant is the holder, by assignment, of a UCC3 filed in the office of the City Register of the City of New York. A copy of the UCC3 is annexed hereto as Exhibit "B".

4.      Pursuant to the terms of the Note, monthly payments are to be made to the Applicant. Debtor defaulted on the July 2023 payment due under the Note and on each payment due thereafter. As a result of the Debtor's default, Applicant was to conduct a public sale of the Collateral on November 1, 2023 (the "Auction").

5.      On October 31, 2023, the Debtor filed the within petition under Chapter 13 of the Bankruptcy Code. Thomas C. Frost, Esq. is the duly appointed, qualified and acting Trustee in this Chapter 13 case. The Debtor's bankruptcy filing stayed the Auction.

6.      The Debtor has defaulted on the post-petition mortgage payments in the monthly sum of $3,321.79 which amount became due on the first day of March 2024 and on the first day of each month thereafter.

7.      On January 4, 2024, Emigrant filed a proof of claim in the amount of $462,600.83 which includes $75,755.76 in pre-petition arrears (the "Proof of Claim").

## III.   THE APPLICATION

8.      By this Application, Applicant seeks the entry of an order modifying and terminating the automatic stay to permit Applicant to exercise all of its rights and remedies with respect to the Collateral as more particularly described herein.

9.      Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause", including lack of adequate protection of an interest in Collateral. Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. Since the Debtor

has failed to tender monthly post-petition mortgage payments to Applicant since the inception of the instant case, cause exists to vacate the automatic stay.

10. Accordingly, grounds exist to vacate the stay in Debtor's case and Applicant therefore requests that the automatic stay imposed under Section 362(a) of the Bankruptcy Code be modified and terminated for cause in accordance with Section 362(d) of the Bankruptcy Code to permit Applicant to pursue its rights under the Mortgage and applicable law, including without limitation, the consummation of the State Foreclosure Action.

11. Moreover, if Applicant's request for relief from the automatic stay is granted, Applicant also requests relief from this Court which provides that if a sale of the Collateral has not occurred prior to the confirmation hearing in this proceeding, then Applicant shall not be bound under Section 1327 of the Bankruptcy Code by any plan currently proposed or to be proposed by the Debtor which does not pay Applicant in full in accordance with Applicant's duly filed Proof of Claim. Further, Applicant requests that notwithstanding whether relief from the stay is granted, the Debtor be directed to provide Applicant with timely notice of any proposed plan which does seek to pay Applicant in full. Without said relief, Applicant will be compelled to continue to monitor the Debtor's bankruptcy proceeding, at an additional cost to the Debtor, despite Applicant having been granted relief from the automatic stay to pursue its rights in the State Foreclosure Action.

12. Annexed hereto as Exhibit "C" is the Relief from Stay Worksheet, in accordance with Amended General Order M-346, dated January 23, 2008, of the United States Bankruptcy Court for the Southern District of New York.

**WHEREFORE,** Applicant respectfully requests that this Court issue an Order granting the relief requested herein, for which no previous application has been made except as herein above described, and for such other and further relief as is just and proper.

Dated: Garden City, New York
       June 20, 2025

                                **TERENZI & CONFUSIONE, P.C.**
                                Attorneys for Applicant

BY:  \s\ Cara M. Goldstein
        Cara M. Goldstein, Esq. (CMG 3517)
        401 Franklin Avenue, Suite 304
        Garden City, New York 11530
        516-812-0800
        cgoldstein@tcpclaw.com